[No. 1071, February 24th, 1905.]

## TERRITORY OF NEW MEXICO, Appellee, v. HARRY EATON, Appellant.

### SYLLABUS.

1. Where no demurrer or motion to quash an indictment is filed and the defendant pleads "Not Guilty" and goes to trial, any minor defects and inaccuracies which the indictment may contain, are cured by the plea and judgment.

2. Where no objection is made at the trial to the admission of evidence nor exception saved thereto, we will not consider the same on appeal.

Appeal from the district court of Grant county, before FRANK W. PARKER, Associate Justice. Affirmed.

JAMES S. FIELDER, Esq., for appellant.

The points relied on for a reversal of this case were not raised during the trial, but were presented upon the motion for a new trial, and opportunity then given the court below to correct the errors, which is sufficient for a consideration of the points by this court.

Territory v. Anderson, 4 New Mexico, 213

GEORGE W. PRICHARD, Solicitor General, for appellee.

NO AUTHORITIES CITED.

OPINION OF THE COURT.

MILLS, C. J.—Harry Eaton, the appellant in this case was convicted in the district court for the county of Grant, in March, 1904. He was charged under the territorial statute with the larceny of a horse. Motion for a new trial was made, argued and overruled by the trial court, and the defendant was sentenced to imprisonment in the territorial penitentiary for the term of one year, and also to pay a fine of $500.00 and costs. From this judgment and sentence defendant appealed.

Attorney for appellee asks for a reversal of this cause on substantially two grounds, to-wit: That the indictment is not properly drawn, and that improper evidence was admitted on the trial.

A careful examination of the indictment by us fails to show any error in it. It is drawn under Section 79 of the Compiled Laws of this Territory, which makes it a felony for any person to "steal, embezzle or knowingly kill, sell, drive, lead or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine or ass."

That part of the indictment to which counsel for appellee objects, reads as follows: "That Harry Eaton, late of the county of Grant aforesaid, in the Territory of New Mexico, on the 21st day of June, in the year one thousand nine hundred and three, at the county of Grant aforesaid, in said Territory, one horse of the value of twenty dollars, of the goods, chattels and property of one George Kresge, then and there being found, unlawfully, feloniously and knowingly did drive, lead, ride, steal, take and carry away, and then and there in the manner and form aforesaid, deprive the said owner thereof, of the immediate possession of the said property."

We can see no error in the manner in which the indictment charges the offense of which the defendant was convicted. Bishop, in his work on New Criminal Procedure, Vol. 1, Sec. 586, (4th Edition,) lays down the law as follows: "If a statute makes criminal the doing of this,

or that, mentioning several things distinctively, there is but one offense, which may be committed in different ways; and in most instances all may be charged in a single court. But the conjunctive "and" must ordinarily in the indictment take the place of "or" in the statute, else it will be ill as being uncertain. And proof of the offense in any one of the ways will sustain the allegation. On the other hand the indictment may equally well charge what comes within a single one or more clauses, less than all, of the statute, and still it embraces the complete proportions of the forbidden wrong."

The record does not show that any demurrer or motion to quash the indictment was ever filed, nor does the motion for a new trial allege that the indictment is bad. Any minor defects and inaccuracies which an indictment may contain, are cured by the plea and judgment. Haynes v. United States, 9 N. M. 519.

As to the claim of the attorney for the appellee that improper evidence was admitted on the trial we need only say that any evidence which was not competent and which was so admitted, was of the most trivial character. No objection was made to its admission or exception saved thereto, so we will not consider it. This is in accordance with our statutes, Sec. 3145, Compiled Laws of 1897, and a large number of decisions of this and other courts, many of which are cited in Territory v. Gonzales, 68 Pac. 923.

The evidence discloses that one George Kresge lost an unbranded colt, which he afterwards found tied up in a corral belonging to appellant and freshly branded with appellant's brand. Appellant testified that he found the colt on the open range with his brand upon it, and that he drove it into his corral with other horses, and kept it there so as to try and find its owner. The jury evidently did not believe the testimony of the appellant. Under this state of facts we think that the jury were amply justified in returning the verdict which they did.

There is no error, and the judgment of the court below is therefore affirmed, and it is so ordered.

John R. McFie, A. J., Wm. H. Pope, A. J., Edward A. Mann, A. J., Ira A. Abbott, A. J., concur.

Parker, J., having heard this case below, took no part in this decision.